IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| QUINN BUTLER, et al. | ) | |
| | ) | No. 09-C-5336 |
| Plaintiffs, | ) | |
| | ) | Judge Michael T. Mason |
| v. | ) | |
| | ) | |
| AMERICAN CABLE & TELEPHONE, | ) | |
| LLC et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OBJECTORS' MOTION FOR LEAVE TO FILE *INSTANTER* DOCUMENTS FILED BY
DEFENDANT AMERICAN CABLE & TELEPHONE IN *PEREZ V. COMCAST***

On September 20, 2011, Defendant American Cable & Telephone, LLC ("ACT") filed

documents opposing collective action certification in *Perez v. Comcast*, Case No. 10-C-1127

(N.D. Ill.) (Manning, J) that (1) directly contradict its arguments in support of collective and

class action certification in *Butler* and (2) include declarations from putative class members in

*Butler* that were secured by ACT's attorneys in *Perez* without the consent of counsel for the

putative *Butler* class. Objectors respectfully request leave to file these documents *instanter* so

that the Court can consider them in connection with it's oversight of *Butler*.

A.      **Group Exhibit A**

Group Exhibit A is ACT's complete filing in *Perez* and includes the following

documents:

> Exh. A-1:  Defendant ACT's Opposition to Plaintiffs' Motion for Conditional Class
> Certification Under the Fair Labor Standards Act (*Perez* Doc. 73)

> Exh. A-2:  Declaration of Mark Joanis (*Perez* Doc. 73-1)

> Exh. A-3:  Declaration of Rick Carley (Perez Doc. 73-2)

Exh. A-4:  Declaration of Javier Andujar (*Perez* Doc. 73-3)

Exh. A-5:  Declaration of William Landrum (*Perez* Doc. 73-4)

Exh. A-6:  Declaration of Danylo Jurkiw (*Perez* Doc. 73-5)

**B.  ACT's Arguments in *Perez* and *Butler* are Completely Contradictory**

ACT is arguing in *Perez* that the FLSA claims of the independent contractors do not meet the standards for certification under §216(b). *See* Exh. A-1 at 5-9 ("conditional certification is particularly inappropriate in cases (like this one) requiring analysis of varying individuals' independent contractor status, because fact-specific review is necessary of the circumstances surrounding *each* putative plaintiff"). In *Butler,* ACT has made the completely contradictory argument that the same claims *do* meet the standards of §216(b). *See* Doc. 141 at 9 ("the parties submit that certification of a collective action under the FLSA is appropriate because the Named Plaintiffs are similarly situated to the individuals they purport to bring this action on behalf of"). ACT's attempt to "reserve the right" (*see* Exh. A-1 at 9 n.6) to make these completely contradictory arguments is illusory. It cannot prevent the application of judicial estoppel to its contradictory arguments made simultaneously in the same Court. *See In re Airadigm Communications, Inc.*, 616 F.3d 642, 661 (7th Cir. 2010) ("[j]udicial estoppel is an equitable concept that prevents parties from playing 'fast and loose' with the court by prevailing twice on opposite theories"); *Levinson v United States*, 969 F.2d 260, 264 (7th Cir. 1992) (judicial estoppel "protect[s] the courts from being manipulated by chameleonic litigants who seek to prevail, twice, on opposite theories").

Moreover, ACT cannot "reserve the right" to prevent one judge of this Court from considering arguments and evidence filed before another. The Court's adjudication of collective

2

action and class certification motions is not a game. These motions affect the rights of workers to

recover their unpaid wages and to due process of law. ACT's argument in *Perez* that the

plaintiffs are not "similarly situated" for purposes of conditional certification under §216(b) is

not only completely contradictory to its motion for collective action certification in *Butler*, it also

forecloses an argument that these same claims satisfy the commonality requirement of Fed. R.

Civ. P. 23(a)(2) because commonality is far more stringent, especially in the settlement class

context. *See Wal-Mart Stores, Inc. v. Dukes*, -- U.S. --- , 131 S.Ct. 2541, 2550-57 (2011)

(discussing commonality requirement; "[c]ommonality requires the plaintiff to demonstrate that

the class members 'have suffered the same injury[.] . . . Their claims must depend upon a

common contention[.] . . . That common contention, moreover, must be of such a nature that it is

capable of classwide resolution – which means that determination of its truth or falsity will

resolve an issue that is central to the validity of each one of the claims in one stroke."); *Rottman*

*v. Old Second Bancorp, Inc.*, 735 F. Supp. 2d 988, 990 (N.D. Ill. 2010) (conditional certification

"similarly situated" standard is "lenient" and "liberal"; "court looks for no more than a 'minimal

showing of similarity'," citing *Howard v. Securitas Security Services, USA Inc.*, 2009 U.S. Dist.

LEXIS 3913 (N.D. Ill. Jan. 20, 2009); *Amchem Products v. Windsor*, 521 U.S. 591, 620 (1997)

(heightened scrutiny applies to application of Rule 23 requirements to proposed settlement

classes).

**C.  ACT Filed Declarations of Putative Class Members Secured During Interviews Conducted Without the Consent of Putative Class Counsel and Without Informing the Workers That They are Members of a Putative Class**

Exhibits A-3 through A-6 are declarations secured by ACT's attorneys in *Perez* without

the consent of putative class counsel in *Butler*. *See* Exhibit B, Declaration of Marni Willenson, at

3

¶2. ACT takes the position that the "no-contact" rule, Illinois Rule of Professional Conduct 4.2, does not apply because prior to certification putative class members are not represented by counsel. *See id.*; Ill. Rule. Prof. Conduct 4.2; ABA Formal Op. 07-445 (2007); *Kuhl v. Guitar Center Stores, Inc.*, 2008 U.S. Dist. LEXIS 17222 (N.D. Ill. Feb. 28, 2008) (Mason, J.).

Assuming for counsels' benefit that Rule 4.2 does not apply to pre-certification communications, Rule 4.3 regulates the lawyers' dealings with unrepresented persons. Rule 4.3 states: "In dealing on behalf of a client with a person who is not represented by counsel, a lawyer shall not state or imply that the lawyer is disinterested. When the lawyer knows or reasonably should know that the unrepresented person misunderstands the lawyer's role in the matter, the lawyer shall make reasonable efforts to correct the misunderstanding." Moreover, Illinois Rule 4.3 is identical to the Model Rule, and comment 1 to Model Rule 4.3 states, "In order to avoid a misunderstanding, a lawyer will typically need to identify the lawyer's client and, where necessary, explain that the client has interests opposed to those of the unrepresented person." Thus, since ACT's interests and the workers' own interests are adverse, Rule 4.3 requires that the lawyers clearly disclose who they are representing and the adversity of interest.

The last paragraph of each worker declaration reflects that the testimony was voluntary and uncoerced but not that lawyer's role or the adversity in interests were adequately explained to the worker. *See* Exhibit C. Thus, Objectors' counsel contacted ACT's counsel to determine what disclosures were made. ACT's counsel was willing to discuss the issue and provided the attached waiver forms signed by the declarants. *See* Exhibit B ¶¶3-4; Exhibit C.

While the waivers are generally consistent with this Court's statements in *Kuhl*, *supra*, they do not reflect that ACT's attorneys advised the workers that they are members of the

4

putative class in *this* lawsuit. *See id.* Rather, they reflect only a disclosure that "a wage and hour

class action lawsuit ... has been filed by 8 individuals in federal court in Chicago," which is a

(somewhat inaccurate) description of *Perez.* Thus, it appears that the workers were not told that

they are putative class members in *Butler,* that a motion for class certification is pending or that

the parties have agreed to a proposed settlement. Under the circumstances, these communications

could easily be  misleading and affect the workers' decision whether to participate in either case

or to file a claim in the event a settlement is approved.

## Conclusion

For the reasons described above, Objectors respectfully request that the Court grant them

leave to file *instanter* documents filed in *Perez* for the Court's consideration in its oversight of

*Butler*.

Dated: September 26, 2011                    Respectfully submitted,

                                             /s/ Marni Willenson
                                             Willenson Law, LLC
                                             542 S. Dearborn St., Suite 610
                                             Chicago, IL 60605
                                             (312) 546-4910
                                             (312) 261-9977 Fax
                                             marni@willensonlaw.com

                                             Attorney for Objectors

5