**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| QUINN BUTLER, Individually, and on Behalf of All Others Similarly Situated, CHRISTOPHER SKILLIN, Individually, and on Behalf of All Others Similarly Situated, JASON BARTH, Individually, and on Behalf of All Others Similarly Situated, </br></br>Plaintiff,</br></br>v.</br></br>AMERICAN CABLE & TELEPHONE, LLC and PERRY C. MOORE,</br></br>Defendants | Case No. 09-cv-5336</br></br>Hon. Mag. Michael T. Mason |

**PLAINTIFFS' MOTION
TO CLARIFY SETTLEMENT**

NOW COMES Plaintiffs, individually and on behalf of the settlement classes, by and through their undersigned counsel, for their motion to clarify. In further support of the motion, Plaintiffs state as follows:

1. The Parties to this case reached a mutually agreeable settlement after extensive arms-length negotiations. (Dkt. No. 141-2.) On August 15, 2011, the Parties filed their joint amended motion for preliminary approval of settlement. (Dkt. No. 141.) On October 6, 2011, this Court issued a memorandum opinion and order granting preliminary approval and certifying settlement classes. (Dkt. No. 157.) On January 23, 2012, this Court issued a Final Approval Order granting final approval of the settlement. (Dkt. No. 169.)

2. Pursuant to the terms of the settlement agreement reached, the Effective Date occurred on January 23, 2012 without any further objection or appeal. (Dkt. No. 141-2, ¶ 61.)

1

Therefore, the settlement proceeds are to be distributed within 15 days of the Effective Date, or March 9, 2012. (Dkt. No. 141-2, ¶ 62.)

3. However, the Parties now dispute whether the employer's tax obligations for wages paid pursuant to the settlement *sub judice* are to be paid by the Defendant employer or whether the employer's tax obligations are to be paid from the settlement fund.

4. Plaintiffs contend that the employer is required to pay certain taxes under federal law, specifically FICA and FUTA. 26 U.S.C. § 3111 (Federal Insurance Contributions Act); 26 U.S.C. § 3301 (Federal Unemployment Tax Act). The Internal Revenue Code imposes employment taxes on every employer equal to a percentage of wages paid by him with respect to employment. *U.S. v. Cleveland Indians Baseball Co*., 532 U.S. 200, 121 S.Ct. 1433, (2001); *citing* 26 U.S.C. 3111(a), 3111(b), 3301.

5. Pursuant to the terms of the Settlement Agreement, the Parties agreed that "100 percent (100%) of the amount distributed to each Claimant for pay will be considered damages for lost wages and will be reported as such on an IRS Form W-2." (Dkt. No. 141-2, ¶ 71.) Therefore, the Parties must agree that the amounts disbursed are wages. Plaintiffs do not dispute that the appointed Claims Administrator should deduct income tax withholdings from the amounts to be distributed to Claimants. However, Plaintiffs assert that as a common fund for the benefit of the settlement classes, the common fund cannot be allocated to pay the employer's tax obligations. Therefore, the employer's portions of FICA and FUTA should not be paid from the settlement funds.

6. On the other hand, Defendants contend that the settlement agreement called for a common fund which was created as an all-in amount to cover all of Defendants' obligations related to the settlement. The Settlement Agreement provides that, "Under no circumstances will

Defendants be responsible for making any payments exceeding the Common Fund." (Dkt. No. 141-2, ¶ 7.)

7. Despite Defendants position, Plaintiffs contend that the language in paragraph 71, under the heading "Allocation and Tax Treatment," is more specific to the issue at hand and is controlling of this question. (Dkt. No. 141-2, p. 23.) This is consistent with the language in the class notice, as incorporated into the settlement agreement, stating, "Settlement payments shall be subject to all required payroll taxes." (Dkt. No. 141-2, p. 47.) The employer's tax obligations under FICA and FUTA are not generally understood as part of payroll taxes.

8. Counsel for the Parties have made good-faith attempts to resolve the matter without the aid of the Court, to no avail. This Court retained jurisdiction for sixty day for the purpose of interpreting, implementing and enforcing the Settlement Agreement consistent with its terms. (Dkt. No. 169.)

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, respectfully requests that this Honorable Court enter an agreed order granting the following relief:

a) Interpret the Settlement Agreement as precluding deductions from the Common Fund for the employer's tax obligations under FICA and FUTA

b) Extending this Court's jurisdiction as necessary to resolve this issue; and,

c) Awarding any other such relief as this Court deems just and proper.

Respectfully Submitted,

/s/ Adam J. Betzen, Esq.
Dated March 5, 2012

One of Plaintiffs' Attorneys

Adam J. Betzen (6282523)
BETZEN LAW OFFICE, LLC
2863 W. Leland Ave., Suite 1
Chicago, IL  60625
312 714-5984
312 327-7124 fax


Ryan F. Stephan (6273101)
STEPHAN ZOURAS, LLP
Ryan F. Stephan (6273101)
205 N. Michigan Avenue, Suite 2560
Chicago, Illinois 60601
312-233-1550
312-233-1560 fax

**CERTIFICATE OF SERVICE**

   Adam J. Betzen, an attorney, certifies that a copy of the foregoing instrument was served upon all counsel of record pursuant to ECF as to filing users on March 5, 2012.

  To:  Steven J. Pearlman
      Seyfarth Shaw LLC
      131 S. Dearborn St.
      Suite 2400
      Chicago, IL 60603
      spearlman@seyfarth.com

              /s/ Adam J. Betzen, Esq.
              Dated March 5, 2012

              Adam J. Betzen